Eastern District of Kentucky
FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

AUG 3 1 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-559-GWU

MASON FIELDS,                                                                    PLAINTIFF,

VS.                           **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                           DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI).  The appeal is currently before the Court on cross-motions

for summary judgment; new records submitted by the plaintiff are construed as a

motion to remand under sentence six of 42 U.S.C. Section 405(g).

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled.  If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
      claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

1

3.   Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of

2

fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

3

symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be

4

Fields

considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

5

Fields

and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term

6

"framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Fields, a 45 year-old former truck driver with a "limited" education, suffered from impairments related to congenitally narrow spinal canal at L2-L with minimal bulging of the disc producing minimal indentation upon the thecal sac, minimal bulging at L3-L4 producing a mild degree of canal stenosis, bulging at L4-L5 producing mild central canal stenosis, obesity, degenerative changes and synovitis of the left knee (being status post removal of a loose body), and being status post a heart attack with a non-Q wave myocardial infarction. (Tr. 16, 19). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 22-23). Since the available work was found to constitute a significant number of jobs in the

7

national economy, the claimant could not be considered totally disabled. (Tr. 23). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 21-22).

The main issue of concern for the undersigned involves the additional medical records directly submitted to the Appeals Council which were not included in the record that was before the ALJ. This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order that additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). It is obvious that such evidence must be reviewed (if at all) by the administrative agency, rather than by the court of first instance. The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with

Fields

the new evidence. Sizemore, 865 F.2d at 711. Thus, the new evidence must be "material" and "good cause" must be shown why it was not previously submitted.

The medical records with which Fields seeks a remand of the action include a report from Psychologist Christopher Allen, an examining consultant, dated December 9, 2004 (Tr. 327-330) and a report from Dr. James Templin, also an examiner, dated December 23, 2004 (Tr. 333-342). The Court finds that both of these reports are "material." The time period pertinent to this claim for DIB runs from the alleged onset date of April 28, 2003 (Tr. 48) through the June 17, 2005 date the ALJ issued his denial decision. Thus, these records clearly relate to the relevant time frame.

Allen diagnosed a pain disorder with associated psychological factors as well as a major depressive disorder. (Tr. 330). The plaintiff's Global Assessment of Functioning (GAF) was rated at 55 to 60. (Tr. 330). Such a GAF suggests the existence of "moderate" psychological symptoms according the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorder (4th Ed.-Revised, 1994). Thus, Allen's report suggests the existence of a mental problem during the relevant time period which was not considered by the ALJ.

Dr. Templin diagnosed an atrial flutter with non-sustained wide complex tachycardia, chronic low back pain syndrome, very mild lumbar disc at L4-L5, chronic cervical pain syndrome, a cervical bone spur at C6-C7, and an acute myocardial

9

Fields

infarction. (Tr. 336). The physician noted the existence of extremely severe physical limitations, restricting Fields to less than a full range of sedentary level work. (Tr. 339-341). These limitations are far more severe than those included in the hypothetical question presented to Vocational Expert Betty Hale. (Tr. 384-385). Dr. Templin was the only treating or examining source to identify specific physical limitations.[1] The only evidence to counter Dr. Templin comes from Dr. Sudideb Mukherjee (Tr. 173-182) and Dr. Calixto Hernandez (Tr. 191-200), non-examining medical reviewers whose opinions were essentially compatible with the ALJ's findings. The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. Section 404.1527(d)(1). An ALJ may rely upon the opinion of a non-examiner over an examining source only when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Dr. Mukherjee and Dr. Hernandez saw the record in September of 2003 (Tr. 181) and December of 2003 (Tr. 199). Thus, neither reviewer had an opportunity to see and comment upon the very different opinion of Dr. Templin and, so, their opinions could not be used to offset that of the examining source. Even if Dr. Templin's restrictions were not fully binding on the ALJ, the

---

[1]Dr. Gerry Tommassoni (Tr. 169) and Dr. Rao Podapoti (Tr. 248), each a treating physician, opined that the plaintiff was totally disabled. However, neither physician identified specific physical restrictions.

10

presence in the record of this report would at least have required the testimony of a medical advisor who had seen the entire record. Therefore, this report is highly "material" as well.

Fields asserts that "good cause" exists for these records not being before the ALJ because the administration erred in failing to properly incorporate then into the record prior to the issuance of the ALJ's final decision on June 5, 2005. The plaintiff notes that Dr. Templin's report was submitted on January 5, 2005 (Tr. 324) and that Allen's report was submitted on January 21, 2005 (Tr. 325). Thus, these reports were submitted to the administration some five months before the ALJ's final decision and, so, any error in the records not being before the ALJ would lie with the administration.

The Defendant asserts that, at the December 8, 2004 administrative hearing, the ALJ gave the plaintiff 15 days to submit additional evidence into the record. (Tr. 389). By this order, Fields only had until December 23, 2004 to submit additional medical evidence. Thus, the reports from Allen and Dr. Templin submitted the following January were untimely. This is an argument with some merit. However, the record suggests that at least Exhibit 21F from the Appalachian Heart Center (Tr. 290) and Exhibit 22F from the University of Kentucky Family Practice Clinic (Tr. 291-309) were submitted into evidence on December 29, 2004 (Tr. 322). This was six days after the expiration of the ALJ's time limitation for additional evidence and, yet,

11

Fields

these exhibits were still incorporated into the record before the ALJ. The undersigned finds that it was, to say the least, arbitrary for the administration to include in the record some of the evidence submitted after the ALJ's deadline but to exclude those reports which were highly favorable to the plaintiff's claim. Therefore, under these circumstances, the Court finds that the claimant has established "good cause" due to the administration's arbitrary action.

The undersigned concludes that a remand of the action pursuant to sentence six for the taking of new evidence before the Commissioner is required. Therefore, the Court must grant the plaintiff's summary judgment motion to the extent that such relief is achieved and deny that of the defendant.

This the ___*3 /*___ day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE