UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 05-559-GWU

MASON FIELDS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Mason Fields originally brought Fields v. Barnhart, London Civil Action No. 05-559-GWU (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. Following a remand of the action pursuant to sentence six of 42 U.S.C. § 405(g) for the consideration of new and material evidence, it is again before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a

1

05-559 Mason Fields

whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which

appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient,

3

if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Fields, a 47-year-old former coal truck driver with a "limited" education, suffered from impairments related to a congenitally narrow spinal canal at L2-L3, minimal bulging of disc producing minimal indentation upon the thecal sac, L3-L4 minimal bulging producing a minimal degree of canal stenosis, a bulge at L4-L5 producing a mild degree of canal stenosis, mild to moderate obesity, degenerative changes and synovitis of the left knee with status-post removal of a loose body, status-post heart attack, non-Q wave myocardial infarction, a sleep disorder, depression, and a generalized anxiety.  (Tr. 400, 406).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 402-403, 406).  Since the available work was found to constitute a significant number of jobs in the national

economy, the claimant could not be considered totally disabled. (Tr. 407). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Betty Hale included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to stand for more than four hours in an eight-hour day or walk for more than two hours in an eight-hour day; (2) an inability to more than frequently push, pull or use foot controls with the left lower extremity; (3) an inability to more than occasionally climb stairs or ramps, balance, stoop, kneel, or crouch; (4) an inability to ever climb ladders, or crawl; (5) a need to avoid exposure to extreme heat, full body vibration, gas and dust; (6) a need to avoid exposure to heights and dangerous machinery; (7) a limitation to simple, non-detailed work instructions, (8) an inability to maintain concentration and attention for more than two hour segments; and (9) a limitation to object-focused environments. (Tr. 529-530). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 531).

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Mark Burns, an examining consultant, opined that Fields did not suffer from any physical restrictions. (Tr. 449-452). The

ALJ's extensive physical limitations were compatible with this opinion. The hypothetical question was also essentially consistent with the limitations identified by Dr. Sudideb Mukherjee (Tr. 173-182) and Dr. Calixto Hernandez (Tr. 191-200), the non-examining medical reviewers. The question was also fairly compatible with the limitations indicated by Dr. Kooros Sajudi, another examiner, who did report the existence of somewhat more severe postural limitations than those found by the ALJ. (Tr. 500-505). More severe physical restrictions were not imposed by such treating and examining sources as the staff at Appalachian Regional Healthcare (Tr. 92-129, 143-144, 201-203, 209-224, 254-269, 287-290), the staff at St. Joseph Hospital (Tr. 130-142), the staff at the University of Kentucky Family Practice Clinic (Tr. 183-190, 270-281, 291-309), Dr. Philip Tibbs (Tr. 204-206), Dr. Ashok Patel (Tr. 207-208), the staff at the Spine and Brain Neurosurgical Center (Tr. 227-237, 282-286), the staff at Cooley Medical Center (Tr. 456-458), the staff at the North Fork Valley Community Health Center (Tr. 466-494), and the staff at the Kentucky Lung Clinic (Tr. 519-524). These reports provide substantial evidence to support the administrative decision.

Dr. James Templin, an examiner, identified far more severe physical restrictions than those found by the ALJ. (Tr. 339-341). The ALJ noted several reasons for rejecting Dr. Templin's opinion including his relatively modest findings upon examination as well as the fact that the physician only restricted the plaintiff

from heavy lifting in the narrative portion of his report. (Tr. 404-405). This action would appear appropriate.

Two treating physicians, Dr. Gery Tomassoni (Tr. 168) and Dr. Rao Podapati (Tr. 248), indicated that Fields was totally disabled. However, neither physician identified specific limitations. The disability opinions of Dr. Tomassoni and Dr. Podapati go to the ultimate finding of disability which is reserved under the federal regulations to the commissioner. 20 C.F.R. § 404.1527(e)(1). The ALJ noted a number of normal and unremarkable physical findings made by each physician which did not support their opinions. (Tr. 405). Therefore, under these circumstances, the ALJ could reject the opinions of these treating sources.

The ALJ also dealt properly with the evidence of record relating to Fields' mental condition. Psychologist Christopher Allen examined the plaintiff and diagnosed a pain disorder and a major depressive disorder. (Tr. 330). Allen rated the claimant's Global Assessment of Functioning (GAF) at 55 to 60. (Id.). Such a GAF suggests the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. The examiner opined that Fields suffered some degree of emotional difficulty due to his mental problems but found it difficult to gauge Fields' exact level of deficit. (Id.). The mental factors of the hypothetical question are arguably consistent with this opinion.

05-559  Mason Fields

Fields was treated for his mental problems at the Little Flower Clinic. More severe mental restrictions than those found by the ALJ were not identified. (Tr. 507-518). Thus, this opinion is also consistent with the administrative findings.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of December, 2008.

Signed By:

*G. Wix Unthank*

United States Senior Judge